PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. 16-CR-155; |
| Plaintiff, | ) | 20-CV-846 |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| JAMES D. SULLIVAN, | ) | |
| | ) | **ORDER** |
| Defendant. | ) | [Resolving ECF No 135] |
| | ) | |

Pending before the Court is *pro se* Petitioner's Motion to Vacate, Set-Aside, or Correct Sentence under 28 U.S.C. § 2255.[1] An evidentiary hearing is not necessary to resolve this motion and Petitioner has rescinded his request for one in his reply brief. *See* ECF No. 140 at PageID#.2050. Having reviewed the party's submissions and applicable law, the Court denies Petitioner's motion in its entirety.

### I.     Background

On May 17, 2016, Petitioner James D. Sullivan was indicted by a grand jury on two counts. Count One charged Petitioner with possession of child pornography, under 18 U.S.C. 2252(A)(5)(B). Count Two charged Petitioner with attempting to produce and transport visual depictions of minors engaged in sexually explicit conduct in violation of 18 USC 2251(A).

The facts underlying the charges in this case are as follows. On July 18, 2015, a woman showering in the Geneva State Park campground restroom looked up and noticed a camera lens

---

[1] This writing resolves all pending motions, including ECF Nos. 129 and 141. Petitioner is granted *in forma pauperis* status.

(16-CR-155)
(20-CV-846)

pointing at her. Upon examination of the drop-ceiling and the attic above, "a blanket, a bottle of lotion, as well as what appeared to be bodily fluid on a ceiling tile" were found directly above the third women's shower stall.

The DNA from the bodily fluid matched that of Petitioner. Later searches of Petitioner's computer discovered 97 images of child pornography, including depictions of prepubescent children and children under twelve years of age either exhibiting their genitalia, or engaging in oral, vaginal, or anal intercourse with adult males. Petitioner is a registered sex offender who had been convicted for attempted rape, attempted gross sexual imposition, gross sexual imposition, indecent exposure, aggravated burglary, escape, and failure to give notice of change of address. *See* ECF No. 139 at PageID #: 2031.

At a pretrial conference, the Court conducted a hearing and orally denied Petitioner's Motion to Suppress and Motion *in Limine* to exclude evidence of propensity. That decision was later committed to writing at ECF No. 67. Petitioner pleaded guilty to Count One pursuant to a written plea agreement.[2] Petitioner's plea was taken by Magistrate Judge Limbert, whose Report and Recommendation (ECF No. 66) was adopted by the Court on *de novo* review at ECF No. 73.

Later, Petitioner moved to withdraw his plea of guilty (ECF No. 76), and his counsel moved to withdraw from representation (ECF No. 77). The Court held a hearing on those matters and orally denied Defendant's motion to withdraw his plea of guilty and granted counsel permission to withdraw. The Court later committed those decisions to writing at ECF No. 82.

Petitioner was appointed new counsel who represented Petitioner at sentencing and until the filing of Defendant's notice of appeal. Petitioner was sentenced to the above-guidelines,

---

[2] By that agreement, Count 2 was dismissed at sentencing.

2

(16-CR-155)
(20-CV-846)

maximum term of 240 months, followed by ten years of supervised release, and the Court imposed restitution in the amount of $7,500.00. After filing the notice of appeal, the second trial counsel withdrew, and appellate counsel represented Petitioner on direct appeal. On October 24, 2018, the Sixth Circuit affirmed the Court on all grounds. *See* United States v. Sullivan, 751 F. App'x 799 (6th Cir. 2018).

## II. Standard of Review

Section 2255 of Title 28, United States Code provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

To prevail on a motion to vacate under Section 2255, the movant must allege "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." Mallett v. United States, 334 F.3d 491, 496-97 (6th Cir. 2003) (quoting Weinberger v. United States, 268 F.3d 346, 351 (6th Cir. 2001)).

*Pro se* habeas corpus pleadings are held to less stringent standards than formal pleadings drafted by lawyers and must be liberally construed. *See* Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001). Regardless, a defendant must prove his allegations by a preponderance of the evidence. Pough v. United States, 442 F.3d 959, 964 (6th Cir. 2006).

## III. Analysis

*Pro se* Petitioner makes 45 Claims grouped into 5 grounds. To better resolve these claims on the merits, the Court has liberally construed Petitioner's arguments, renumbered the Claims so that they are sequential from 1 to 45, and reorganized them into four workable

3

(16-CR-155)
(20-CV-846)

categories: ineffective assistance of counsel, guilty plea claims, grand jury claims, and actual innocence.[3]

### A. Ineffective Assistance of Counsel

Petitioner's Claims (1-30) assert that he had ineffective assistance of counsel. The Court has organized these claims into five categories: indictment motions, counsel's investigation, suppression hearing, guilty plea, and appellate counsel.

Ineffective assistance of counsel may be a proper basis for relief under 28 U.S.C. § 2255, provided Petitioner can demonstrate counsel's ineffectiveness. To establish ineffective assistance of counsel, Petitioner must first demonstrate that counsel's performance was deficient. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This is a two-part showing that requires error and prejudice. The error prong requires a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. *Id*. The prejudice prong requires showing that counsel's deficient performance prejudiced the defense. *Id*.

The error prong is analyzed on an "objective standard of reasonableness." *Id*. at 688. To show error, a Petitioner must overcome the strong presumption that counsel's conduct fell "within the wide range of reasonable professional assistance," and that "the challenged action 'might be considered sound trial strategy.' " *Id*. at 689 The judicial scrutiny of a possible error is highly deferential to counsel *Id*.

To satisfy the prejudice requirement of *Strickland*, a Petitioner must show "that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been

---

[3] Petitioner's claims are analyzed as presented in ECF No. 136, Petitioner's Second Amended Memorandum in Support of Motion pursuant to

4

(16-CR-155)
(20-CV-846)

different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

Failure to satisfy either requirement is fatal to an ineffective assistance claim. *Id*. at 697. While a defendant must prove each element of the two-part *Strickland* test to establish an ineffective assistance of counsel claim, courts are not required to conduct an analysis under both *Strickland* prongs. *Id.* at 697. If the Court finds that Defendant cannot meet one of the two *Strickland* prongs, it need not address the other. *Id*.

### i. Indictment Motions

Claims 1-4 relate to Petitioner's dissatisfaction with trial counsel for various actions taken or not taken after the filing of the indictment. Claim 1 argues counsel should not have waived the preliminary hearing. Claim 2 argues counsel should have requested a bill of particulars. Claim 3 argues counsel should have filed a motion to dismiss the indictment. Claim 4 argues that counsel should have filed a motion to sever the two charges in the indictment.

Petitioner does not make a credible argument as to why there should have been a preliminary hearing, or why not requesting a bill of particulars or moving to dismiss the indictment were errors at all. Petitioner also does not make any argument to show how a motion to sever would have succeeded on the merits or changed the outcome of his case. Therefore, Claims 1-4 are denied because Petitioner has failed to meet his burden to prove that any of these claims constitute error under *Strickland*.

### ii. Counsel's Investigation

Claims 5-9 all relate to trial counsel's alleged failure to investigate the case, or interview witnesses and victims in the case.

5

(16-CR-155)
(20-CV-846)

Counsel may be found constitutionally ineffective for failing to "make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Howard v. United States*, 743 F.3d 459, 468 (6th Cir. 2014). Also, counsel has no obligation to call or even interview a witness whose testimony would not have exculpated the defendant. *Millender v. Adams*, 376 F.3d 520, 527 (6th Cir. 2004). In this case, Petitioner has failed to meet his burden of proof to show how any of these "investigations" would have been reasonable or how any of the results of these "investigations" would have affected the outcome of his case.

In Claim 5, Petitioner faults trial counsel for not investigating other people at the scene of the state park to ensure that they were not the perpetrator of the crime. In Claim 6, Petitioner faults counsel for not identifying one of the victims of the crime to determine if they were a minor. In Claim 7, Petitioner faults counsel for not investigating Petitioner's roommates to see if they had used the computer containing the obscene materials. In Claim 8, Petitioner faults counsel for not inspecting the obscene material to determine whether the material was what the Government said it was. In Claim 9, Petitioner faults counsel's decision to not tamper with witnesses before the grand jury.

Claims 5 and 7 both ignore the overwhelming evidence against Petitioner in this case. It would not have been reasonable for his attorney to accost his roommates or other people at the park because there was overwhelming evidence that Petitioner, not bystanders or roommates, committed the crime. Neither Claim 6 nor Claim 8 would have been reasonable investigations for counsel to undertake because the materials contained horrifically illegal and obscene

6

(16-CR-155)
(20-CV-846)

content.[4] For counsel to have done what Petitioner asked in Claim 9, would have been both unethical and illegal. No counsel should have tampered with a grand jury witness as Petitioner would have preferred.

None of the investigations that Petitioner wanted counsel to perform would have been reasonable investigations. Overall, for Claims 5-9, Petitioner has failed to prove error under the *Strickland* standard.

### iii. Suppression/*In Limine* Hearing

Claims 10-15 relate to the decision of trial counsel not to make certain arguments at the hearing when the Court heard arguments on suppression and the motion *in limine* for propensity evidence.

Claim 10 relates to the allegation counsel failed to make certain arguments that Petitioner wanted made, but counsel rejected. Claim 11 relates to counsel's failure to call certain witnesses at the suppression hearing. Claim 12 relates to failure to raise a specific argument in the motion to suppress. Claim 13 relates to arguments about the search warrant. Claim 14 relates to counsel's failure to request a specific hearing. Claim 15 relates to counsel's failure to object to testimony at the motion *in limine* hearing.

"[C]ounsel may exercise his professional judgment with respect to the viability of certain defenses and evidentiary matters without running afoul of the Sixth Amendment." *Lewis v. Alexander*, 11 F.3d 1349, 1353-54 (6th Cir. 1993). Also, as previously discussed, counsel has no

---

[4] For example, one image displayed a prepubescent female less than 10 years old nude with a penis inside her mouth and another image showed a prepubescent female less than 10 years old nude with her legs spread exposing her vagina and anus. *See* ECF No. 139 at 2039.

(16-CR-155)
(20-CV-846)

obligation to call or even interview a witness whose testimony would not have exculpated the defendant. *Millender*, 376 F.3d at 527. (quotation marks and citation omitted).

It is well within counsel's constitutional discretion to make the decision to raise or not raise certain arguments at a suppression hearing. That counsel did not make the specific arguments suggested by Petitioner is not a constitutional error. Petitioner has made no colorable argument that raising any of these arguments would have changed the outcome of the suppression/*in limine* hearing.

Moreover, this is a situation in which the sufficiency and legality of the suppression and *in limine* rulings have already been ruled on by the Sixth Circuit. *See Sullivan*, 751 F. App'x at 799-807 (6th Cir. 2018). Absent exceptional circumstances, or an intervening change in the law, Petitioner may not use his § 2255 petition to relitigate issues decided on direct appeal. *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999). There are no such exceptional circumstances that permit Petitioner to use these alleged ineffective assistance of counsel Claims to relitigate the suppression/*in limine* and appellate rulings.

### iv. Guilty Plea

Claims 16-19 all relate to trial counsel's deficient performance in relation to Petitioner's guilty plea. Claim 16 alleges that counsel failed to notify him of defenses in his case. Claim 17 alleges that counsel advised Petitioner to sign the plea agreement without an opportunity to review its legality. Claim 18 alleges that counsel was ineffective when he advised Petitioner to plead guilty after an invalid colloquy. Claim 19 alleges that counsel failed to object to the invalid plea colloquy. All these claims are denied because they are meritless and are contrary to the record.

(16-CR-155)
(20-CV-846)

Claim 16 is meritless because the "defense" that Petitioner speaks of would have been a meritless defense. Counsel had no obligation to inform Petitioner of meritless defenses. On examination of the record of Petitioner's plea of guilty, Claims 17-19 are not supported by fact. Petitioner pleaded guilty to Count 1 pursuant to a written plea agreement. Petitioners' plea was taken by Magistrate Judge Limbert, whose Report and Recommendation (ECF No. 66) was adopted by the Court, without objection and after *de novo* review at ECF No. 73.

Moreover, the Sixth Circuit has sufficiently addressed all issues regarding the attempted withdrawal of the guilty plea and affirmed the Court's denial of Petitioner's attempted withdrawal. *See Sullivan*, 751 F. App'x at 807-09 (6th Cir. 2018). Petitioner has not pleaded any exceptional circumstance, or intervening change in the law that would allow the Court to relitigate these matters here. Therefore, Petitioner's Claims 16-19, related to the attempted withdrawal of his guilty plea, are denied.

Claims 20-23 take issue with Petitioner's motion to withdraw his plea of guilty and his counsel's motion to withdraw being addressed at the same hearing. Claim 20 argues that counsel erred by not filing the motion to withdraw the guilty plea, resulting in Petitioner filing it *pro se*. Claim 21 argues that counsel "sabotaged" Petitioner's plan to strategically withdraw his guilty plea. Claim 22 argues that counsel had a conflict of interest. Claim 23 argues counsel testified against Petitioner. At base, the Court construes these arguments to all voice the same concern: that counsel erred by forcing Petitioner to argue the withdrawal of his guilty plea *pro se*,

These arguments can best be analyzed by turning to the transcript of the hearing. *See* ECF No. 106. At the beginning of the hearing, the Court questioned Petitioner to determine if he had fair and just reasons for the withdrawal of plea of guilty. In stating his reasons, Petitioner made a *pro se* legal argument about factual sufficiency, then he made factual arguments about

9

(16-CR-155)
(20-CV-846)

being unable to reach his attorney to withdraw the plea, that his attorney did not advise him of certain things, and that he did not have enough time to review the plea, among other arguments.

When Petitioner's counsel spoke next, he prefaced his comments with "Much of what I am going to say plays into my motion to withdraw." *See* ECF No. 106 PageID #: 1480. Counsel then factually disputed many of the reasons Petitioner had given that related to Petitioner's conversations with counsel. While Petitioner's counsel spoke of issues that would normally have been privileged, he stayed within the bounds of those topics that Petitioner had already placed at issue when stating his alleged fair and just reasons for withdrawal of the plea.

The question before the Court is whether counsel was deficient before *his* withdrawal (as counsel) was granted. While it could be argued that when counsel effectively disputed his client's "fair and just reasons" on the record, counsel was no longer effectively acting as counsel for Petitioner. The Court finds, however, that was not error or a deficiency because it was Petitioner who had placed counsel's performance at issue by arguing that he had fair and just reasons for withdrawal of his plea of guilty. Counsel, an officer of the Court, was not falling below a standard of reasonableness by factually responding to Petitioner's attacks against him.[5]

Moreover, Petitioner cannot show prejudice because he had no grounds to legally withdraw his guilty plea that any counsel could have argued successfully. Although the Sixth Circuit did not explicitly review counsel's performance on Petitioner's motion to withdraw his plea of guilty, that Court affirmed the undersigned's decision on the merits. *Sullivan*, 751 F.

---

[5] The Court did not inquire into or rule on the Motion to Withdraw (as counsel) before the Court heard the Motion to Withdraw the Guilty Plea. The Court is confident, therefore, there was no structural error based on the factual circumstances of this case. *See* United States v. Goddard, 638 F.3d 490, 497 (6th Cir. 2011).

10

(16-CR-155)
(20-CV-846)

App'x at 807-09 (6th Cir. 2018). In making that determination, the Sixth Circuit reviewed the substance of Petitioner's arguments and found them meritless. *Id*. Therefore, even if counsel erred as Petitioner argues in Claims 20-23, those errors had no prejudicial effect.

Claim 24 argues that counsel, at sentencing, did not object to the imposition of restitution because restitution was not mentioned during his plea of guilty. The claim is meritless. Even if counsel had objected to the imposition of restitution, that objection would not have been well taken because restitution is mandated by statute and the plea agreement did not bind the Court's discretion in sentencing. See 18 U.S.C. 336A.

### v. Appellate Counsel

Claims 25-30 focus on the conduct of appellate counsel and counsel's failure to raise certain arguments. It is not a constitutional error for counsel to fail to raise a meritless argument on appeal. See *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001).

Claim 25 argues that appellate counsel failed to argue that Petitioner was denied his right to counsel at the hearing regarding withdrawal of the plea agreement. As discussed, this argument was without merit because petitioner *had* counsel during the hearing on his motion to withdraw his plea of guilty.

Claim 26 argues that appellate counsel failed to argue that the restitution imposed was in violation of the plea agreement. This argument is meritless because, as discussed, restitution was mandated by statute in this case. See 18 U.S.C. 336A.

Claim 27 argues that appellate counsel failed to argue that Petitioner's guilty plea was not knowing, voluntary, or intelligent. This argument is meritless because the record conclusively shows that the plea was in fact knowing, voluntary, and intelligent. See ECF Nos. 66, 73.

(16-CR-155)
(20-CV-846)

Claim 28 argues that appellate counsel failed by not citing a particular case in his appellate brief. The decision to make a particular argument on appeal is within the sole discretion of the appellate counsel. Petitioner can only upset this discretion by showing it was the case that the argument would have succeeded. Petitioner has not done so, and this argument is meritless.

Claim 29 confusingly argues that the Court accepted the plea agreement rather than individually accepting Petitioner's guilty plea. This recitation of the events is contrary to fact. *See* ECF Nos. 66, 73.

Claim 30 argues that appellate counsel failed by not making an argument about the applicability of the good faith exception in relation to the search warrant. This would have been a meritless argument because the Sixth Circuit explicitly held that the good faith exception did not apply to this case on direct appeal. *See Sullivan*, 751 F. App'x at 805.

Claims 25-30 each fault appellate counsel for not raising meritless arguments. Appellate counsel has no obligation to raise meritless arguments, so Petitioner has not pleaded an error under *Strickland*.

Overall, Petitioner was given effective assistance of counsel. While Petitioner has made a laundry list of complaints about his former counsel, in none of those claims has he met his burden to show by the preponderance of the evidence that counsel made an error of constitutional magnitude that prejudiced Petitioner to the extent that the outcome in this case would have been any different absent counsels' errors.

**Guilty Plea Claims**

Claims 31-36 and 41-44 focus on the Court's denial of Petitioner's motion to withdraw his guilty plea.

12

(16-CR-155)
(20-CV-846)

Claims 31-36 argue that Petitioner was not given his Sixth Amendment right to counsel in part because counsel withdrew at the same hearing in which the motion for withdrawal of the guilty plea was heard. Petitioner has not met his burden by the preponderance of the evidence to show a constitutional error for any of these claims. Claim 31 argues that the Court failed to inquire into the nature of the movant's dissatisfaction with counsel. Claim 32 argues that movant was abandoned by counsel at the withdrawal of plea hearing. Claim 33 argues that the Court compelled the movant to argue for withdrawal of his guilty plea *pro se*. Claim 34 argues that the Court failed to advise the movant of his right to counsel. Claim 35 argues that the Court excluded defense counsel from the motion to withdraw guilty plea hearing. Claim 36 argues that the Court suborned a conflict of interest.

Claims 31-36 were already addressed by the Court in the ineffective assistance of counsel section of this ruling. These claims are covered by the Court's *Strickland* analysis (above) because it is not the case that Petitioner did not have counsel, but that he is dissatisfied with counsel's performance. Petitioner had counsel because the Court did not grant counsel's motion to withdraw until after denying Petitioner's motion to withdraw his plea of guilty. Importantly, the method the Court used to address those two motions did not result in any error related to Petitioner's right to counsel.[6]

Claims 41-44 make multiple arguments related to Petitioner's attempt to withdraw his guilty plea and Petitioners' displeasure with the ruling of the Sixth Circuit on the matter. Claim 41 argues that the Court created a manifest injustice when it denied movant's motion to withdraw his guilty plea. Claim 42 argues that the Court created a manifest injustice when it

---

[6] *See supra* note 5.

13

(16-CR-155)
(20-CV-846)

accepted an invalid guilty plea. Claim 43 argues that Petitioner and counsel did not understand the elements of the crime. Claim 44 argues that the movant did not understand the nature of the crime to which he pleaded guilty.

Claims 41-44 are meritless. Petitioner ignores the well settled law that a withdrawal of a guilty plea is not designed to "allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty." *United States v. Benton*, 639 F.3d 723, 727 (6th Cir. 2011). Moreover, the issues raised in claims 41-44 have been sufficiently addressed on direct appeal. *See Sullivan*, 751 F. App'x at 799, 807-09 (6th Cir. 2018).

Absent exceptional circumstances, or an intervening change in the law, Petitioner may not use a § 2255 petition to relitigate issues brought on direct appeal. *Wright,* 182 F.3d at 467. Petitioner has not pleaded any such circumstance, or any such intervening change in the law permitting him to relitigate these matters. Therefore, Petitioner's claims related to the withdrawal of the guilty plea (31-36 and 41-44) are denied.

### B. Grand Jury Due Process Claims

Claims 37-40 are related to issues Petitioner had with the grand jury that indicted him. Claim 37 argues that the grand jury indicted him without probable cause. Claim 38 argues that the grand jury issued an insufficient indictment, and that the grand jury's indictment was invalid. Claim 39 argues that the government abused the grand jury process. Claim 40 argues that the grand jury should not have heard certain evidence.

None of the Claims stated in Claims 37-40 properly state a cause of action on a § 2255 petition. None of them show a "(1) an error of constitutional magnitude; (2) a sentence imposed

(16-CR-155)
(20-CV-846)

outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." See Mallett, 334 F.3d at 496-97.

Even if the Court could hear these grand jury claims, looking at the totality of the record, there is no factual evidence to support them. Petitioner has failed to prove Claims 37-40 by a preponderance of the evidence as required.

### C. Actual Innocence

Claim 45 is based on actual innocence. This claim is denied because Petitioner has failed to raise a proper actual innocence claim.

The threshold inquiry in determining an actual innocence claim is whether new facts raise sufficient doubt as to Petitioner's guilt to undermine confidence in the result of the trial. Schlup, 513 U.S. at 317.

To establish actual innocence, "a Petitioner must show that it is more likely than not that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt." Id. at 327. The actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.' " Id. at 321. Actual innocence means factual innocence, not mere legal insufficiency. Bousley v. United States, 523 U.S. 614, 623(1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." Schlup, 513 U.S. at 324.

Petitioner presents no factual evidence in support of this claim. Rather, Petitioner presents an improper argument of legal sufficiency, which is not credible. Claim 45 is denied.

### III. Conclusion

15

(16-CR-155)
(20-CV-846)

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 135) is denied in its entirety. Petitioner's Motion to Proceed *in Forma Pauperis* (ECF No. 129) is granted. Petitioner's Motion for Summary Judgment (ECF No. 141) is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

IT IS SO ORDERED.

| | |
|---|---|
| December 27, 2021 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |