PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NOS. 1:16-CR-00155 |
| Plaintiff, | ) | 1:20-CV-00846 |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| JAMES D. SULLIVAN, | ) | **MEMORANDUM OF** |
| | ) | **OPINION AND ORDER** |
| Defendant. | ) | [Resolving ECF No. 161, ECF No. 162] |

The Court considers Defendant's Motion for Recusal under 28 U.S.C. § 455 (ECF No. 161) and his Complaint of Attorney Misconduct under N.D. Ohio Civ. R. 83.7(d)(1) (ECF No. 162).  The Motion is denied for lack of jurisdiction or, in the alternative, denied on the merits.  The Complaint is dismissed for lack of jurisdiction.

## I. BACKGROUND

### A. HISTORY

In 2017, Defendant James D. Sullivan was sentenced to 240 months of federal incarceration for violating 18 U.S.C. § 2252(A)(a)(5)(B).[1]  ECF No. 97.  He thrice failed to obtain post-judgment relief: first, the Sixth Circuit denied his direct appeal (ECF No. 151); second, the Court denied his motion vacate, set aside, or amend his sentence (ECF No. 145); finally, the Sixth Circuit denied his appeal of the aforementioned (ECF No. 154).  Defendant

---

[1] Access with Intent to View Child Pornography.

(1:20-CR-00155 and 1:20-CV-00846)

now moves *pro se* to disqualify the judicial officer under 28 U.S.C. § 455(b).[2] ECF No. 161. The Motion is fully briefed. ECF Nos. 165 and 167. Defendant also enters a complaint of attorney misconduct with supporting affidavits and appendices. ECF No. 162.

## II. DISCUSSION

First, Defendant contends *via* motion that recusal is required "due to the fact that the Judge is a necessary witness in the proceedings" under 28 U.S.C. § 455(b)(5)(iv). ECF No. 161 at PageID #: 2185. The Government responds that: (1) the Court has been divested of jurisdiction to consider this motion; and (2) even if the Court had jurisdiction, Defendant fails to meet the "substantial burden" necessary to disprove the presumption of judicial impartiality. ECF No. 165 at PageID ##: 2288–89. Defendant replies that the Government has no standing to oppose his motion. ECF No. 167 at PageID #: 2296.

Second, Defendant contends *via* complaint that his trial attorney: (1) failed to investigate prosecutorial misconduct; (2) committed intentional misfeasance and "betrayal"; (3) had a conflict of interest; (4) disrespected and cursed at him; (5) abandoned him; (6) testified against him; (7) violated the attorney-client privilege; (8) engaged in *ex parte* communication; and (9) divulged harmful information that endangered his life. ECF No. 162 at PageID ##: 2188–89.

### A. Jurisdiction

After a criminal conviction, a district court has limited jurisdiction to amend or modify an entry of judgment. *See* Fed. R. Crim. P. 35; 18 U.S.C. § 3582(b); 28 U.S.C. §§ 2255 and 2241. Incarcerated adults challenging the legality or validity of their federal convictions are generally required to move for relief under § 2255. Defendant has already exhausted all direct and collateral

---

[2] *Pro se* briefings are construed liberally and subject to less stringent standards than those filed by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

(1:20-CR-00155 and 1:20-CV-00846)

options to challenge to his conviction.  He has not received a certificate of appealability from the Sixth Circuit, and therefore judgment against him remains final.  Yet he filed the instant motion and complaint nearly a year after the Court dismissed his § 2255 petition.  Neither a motion for recusal nor a complaint of attorney misconduct are procedurally available to Defendant under § 3582(b), § 2255, or Fed. R. Crim P. 35.  Defendant offers no law, rule, or precedent contending otherwise.  As such, the Court—having previously entered final judgment—is divested of jurisdiction to consider Defendant's motion and complaint which are denied and dismissed, respectively.

### B. Merits

Even if the Court had jurisdiction, Defendant's motion for recusal fails on the merits.  Recusal lies within the discretion of each judicial officer.[3]  *See United States v. Wilensky*, 757 F.2d 594, 599–600 (3d Cir. 1985).  Two federal statutes dictate when recusal is appropriate: 28 U.S.C. §§ 144[1] and 455.  Defendant relies solely on the latter, which provides that "any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).  Recusal is only required when "the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable." *Rippo v. Baker*, 137 S. Ct. 905, 907 (2017) (quoting

---

[3] Article III officers are also governed by the Code of Judicial Conduct for United States Judges.  The advice imparted therein is organized into Canons.  Canons are rules of reason, applied consistently with constitutional requirements, statutes, court rules, decisional law, and in the context of all relevant circumstances.  The Code is construed to not impinge on the essential independence of judicial decision-making.  *See id.*.

[1] Recusal is mandatory "whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144

3

(1:20-CR-00155 and 1:20-CV-00846)

*Withrow v. Larkin*, 421 U.S. 35, 47 (2016)). When reviewing a motion for disqualification under § 455(a), the Sixth Circuit requires recusal when "a reasonable, objective person, knowing all of the circumstances, would [question] the judge's impartiality." *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990); *see Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 861-63 (1988); *Liteky v. United States*, 510 U.S. 540, 548 (1994). However, "a federal judge has a duty to sit where not disqualified which is equally as strong as the duty to not sit where disqualified." *Laird v. Tatum*, 409 U.S. 824, 837 (1972).

Federal judges are presumed to be impartial, and a litigant moving for recusal bears the substantial burden of proving otherwise. *See United States v. Denton*, 434 F.3d 1101, 1111 (8th Cir. 2006). Defendant has not demonstrated that "a reasonable, objective person, knowing all of the circumstances, would [question] the judge's impartiality." *Hughes*, 899 F.2d at 1501. Rather, he alleges that "it is apparent from the record that Judge Pearson and Mr. Fleming engaged in ex parte communications after Mr. Fleming's removal from the case." ECF No. 162–1 at PageID #: 2201 ¶ 48. Such conclusory speculation is insufficient to warrant recusal under either § 144 or § 455. *See United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990) (noting that a judge "need not recuse [herself] based on the subjective view of a party[,] no matter how strongly that view is held.").

### III. CONCLUSION

Defendant's Motion for Recusal under 28 U.S.C. § 455 (ECF No. 161) is denied for lack of jurisdiction or, in the alternative, denied on the merits. Defendant's Complaint of Attorney Misconduct (ECF No. 162) is dismissed for lack of jurisdiction. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision cannot be taken in good faith and that

(1:20-CR-00155 and 1:20-CV-00846)

there is no basis upon which to issue a certificate of appealability.  *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).


      IT IS SO ORDERED.


November 7, 2025                                      */s/ Benita Y. Pearson*
Date                                                                    Benita Y. Pearson
                                                                            United States District Judge